## (July 9, 1965)

In the Matter of VIRGINIA DE CARLO, Respondent, v. TOWN OF LOWVILLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* The decedent was a Supervisor of the Town of Lowville and on June 22, 1962 was host at a picnic and party at a camp of the Town Clerk, during the course of which he fell from a boat and was drowned. The record discloses that such affairs were held three or four time a year for county, town, village officials and others and that they were considered to be social meetings to which municipal officers and others were invited. The witnesses were unanimous, as appears from their testimony in at least 12 different places in the record, that the event had no connection with municipal business and it was described by one of the officials " paraphrasing Mr. Geer we go there, to those things, *to get away from business*". (Emphasis supplied.) The board found "that the outing arranged by the deceased, in his capacity as Town Supervisor and at which the Town board members and village officials were invited, fostered employee good will and insured [*sic*] to the benefit of the employer". Section 22.00 of volume 1 of Larson, Workmen's Compensation Law states that recreational or social activities are within the course of employment when: " (a) They occur on the premises during a lunch or recreation period as a regular incident of the employment; or (b) The employer, by expressly or impliedly requiring participation, or by making the activity part of the services of an employee, brings the activity within the orbit of the employment; or (c) The employer derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life." We can eliminate the usual employer-employee relationship where an accident at a company sponsored picnic and/or athletic event has been held to be compensable, for here the relationship concerns an elected municipal official. We take judicial notice of the fact that a Supervisor, such as the decedent,

is a member of the Town Board and County Board of Supervisors and that he is elected by the voters within the municipality. His employer can neither hire nor fire him, which right exists in the usual employer-employee relationship. The fact is that there is no precedent for this decision. The board, nevertheless, has found it reasonable (to infer) that the decedent arranged the outing in his capacity as Town Supervisor and this can be sustained, not on the basis that it was part of his official duties, as defined by section 29 of the Town Law or article 5 of the County Law, but because it was his turn to "throw a party" and pay for it as part of the camaraderie which such groups engender. Such an activity cannot possibly be inferred to be part of a Supervisor's municipal employment so that liability attaches to the self-insured municipality. (See *Matter of Donnelly* v. *Town of Smithtown*, 260 App. Div. 819.) The second facet of the board's finding is that it was reasonable (to infer) that the outing was for the employer's benefit but there must be some basis to sustain such a finding and in this instance there is none which permits such a deduction. On this record the courts should not countenance such a proposed extension of the Workmen's Compensation Law. As was stated in *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468, 473): "the granting of a compensation award would not only do violence to the letter of the [Workmen's Compensation Law] but would offend against its spirit". Decision reversed, and claim dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.